**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SEAN JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-07-868-M |
| | ) | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Before the Court is plaintiff's Motion to Remand, filed August 14, 2007. On August 31, 2007, defendant filed its objection. On September 13, 2007, plaintiff filed his reply, and on September 24, 2007, defendant filed its sur-reply. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

This case arises out of an automobile-pedestrian accident which occurred on October 9, 2004. Plaintiff, who was on a skateboard, was struck by an automobile that failed to stop at a stop sign. No one has been able to locate the driver of the automobile. At the time of the accident, plaintiff was covered by uninsured motorist coverage through policies issued by defendant. Plaintiff made an uninsured motorist claim with defendant, and that claim has not been settled.

On June 21, 2007, plaintiff filed the instant action in the District Court of Cleveland County, State of Oklahoma, alleging breach of contract and bad faith. The Petition and Summons were served on defendant through the Oklahoma Insurance Department on June 22, 2007. Defendant received the Petition and Summons on June 23, 2007. On August 2, 2007, defendant removed this action to this Court. Plaintiff now moves to remand this case back to state court.

II.     Discussion

Plaintiff contends that this action should be remanded because defendant's Notice of

Removal was untimely filed.[1]  In order to timely remove a case from state to federal court,

> [t]he notice of removal of a civil action or proceeding shall be filed
> within thirty days after the receipt by the defendant, through service
> or otherwise, of a copy of the initial pleading setting forth the claim
> for relief upon which such action or proceeding is based . . . .
>       If the case stated by the initial pleading is not removable, a
> notice of removal may be filed within thirty days after receipt by the
> defendant, through service or otherwise, of a copy of an amended
> pleading, motion, order or other paper from which it may first be
> ascertained that the case is one which is or has become removable,
> except that a case may not be removed on the basis of jurisdiction
> conferred by section 1332 of this title more than 1 year after
> commencement of the action.

28 U.S.C. § 1446(b).  "Under § 1446(b), the removal period does not begin until the defendant is

able to intelligently ascertain removability so that in his petition for removal he can make a simple

and short statement of the facts."  *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th

Cir. 1999) (internal quotations omitted).

Plaintiff asserts that the factual allegations in the Petition, as well as plaintiff's pre-suit

demand letters, put defendant on notice that the amount in controversy exceeds $75,000.  Plaintiff,

therefore, contends that defendant's August 2, 2007 Notice of Removal was untimely. Defendant

asserts that it was not on notice that the amount in controversy exceeds $75,000 until it received

plaintiff's settlement demand for $350,000 on August 1, 2007.  Defendant, therefore, contends that

its Notice of Removal was timely.

---

[1]Plaintiff does not dispute that there is both diversity of citizenship and the requisite amount in controversy in this case and that this Court, therefore, would have subject matter jurisdiction. Plaintiff simply contends that defendant did not timely file its Notice of Removal.

Plaintiff contends that the allegations in the Petition satisfy the amount in controversy requirement. Specifically, plaintiff asserts that because he alleged in the Petition that the uninsured motorist policy limits available to him are $200,000, the amount in controversy requirement is satisfied. The general rule, however, is that the amount in controversy is measured by the insurance claim, itself, not by the policy limits of the insurance policy, unless the validity of the policy is at issue. *See Farmers Ins. Co., Inc. v. McClain*, 603 F.2d 821, 823 (10th Cir. 1979); *Kaufman v. Liberty Mut. Ins. Co.*, 245 F.2d 918, 920 (3d Cir. 1957) ("We reject the notion that the full face amount of the policy is the amount in controversy regardless of how little is claimed by the victim against the insured."). Because the validity of the policy is not at issue in the case at bar, the Court finds that the fact that the policy limits available in this case are $200,000 does not automatically establish the requisite amount in controversy. The Court, therefore, must determine whether the claims plaintiff alleges, as set forth in the Petition, satisfy the requisite amount in controversy.

In the prayer of the Petition, plaintiff requests "that judgment be entered against Defendant for actual damages in excess of $10,000.00, consequential damages in excess of $10,000.00, and punitive damages in excess of $10,000.00." Petition at 6. Additionally, the largest sum of actual damages specifically set forth in the body of the Petition is $32,959.02. Further, while plaintiff requests punitive damages in the Petition, the Court finds no allegations in the Petition which would provide enough information to defendant that it would have been able to intelligently ascertain what a likely award of punitive damages would be. Accordingly, the Court finds that the allegations in the Petition do not satisfy the amount in controversy requirement and that defendant would not have been able to intelligently ascertain that the instant action was removable based solely on the Petition.

Plaintiff also asserts that plaintiff's pre-suit demand letters put defendant on notice that the

amount in controversy exceeds $75,000. On February 13, 2007, plaintiff's counsel sent a pre-suit demand letter to defendant offering to settle the uninsured motorist claim for $75,000. Additionally, on June 14, 2007, plaintiff's counsel wrote defendant's counsel a letter in which he stated that plaintiff would accept $32,959.02 or the top dollar of defendant's evaluation, whichever is less. As set forth above, neither pre-suit settlement demand <u>exceeds</u> $75,000 as is required to satisfy the amount in controversy. Therefore, the Court finds that plaintiff's pre-suit demand letters did not put defendant on notice that the amount in controversy in this case exceeds $75,000.

Finally, plaintiff contends that the discovery which was served simultaneously with the Petition should have put defendant on notice that the requisite amount in controversy was satisfied because the discovery requested information clearly intended to support the punitive damages claims. Having carefully reviewed plaintiff's discovery requests, the Court finds that upon review of these requests defendant would not have been able to intelligently ascertain that the instant action was removable.

Having carefully reviewed the parties' submissions, the Court finds that it was not until defendant received the August 1, 2007 settlement demand of $350,000 from plaintiff that defendant would have been able to intelligently ascertain that the instant action was removable.[2] The Court, therefore, finds that defendant's August 2, 2007 Notice of Removal was timely and that this action should not be remanded.

---

[2]The Court would note that plaintiff's counsel's own letter of July 17, 2007 supports this finding. In the July 17, 2007 letter, plaintiff's counsel states: "Obviously, some amount of discovery is necessary to evaluate the magnitude of GEICO's conduct and hence, the potential value of the case. We will not be in a position to determine whether the value of this case exceeds $75,000 until after discovery is obtained." July 17, 2007 letter attached as Exhibit 6 to defendant's Objection to Plaintiff's Motion to Remand.

III.     Conclusion

Accordingly, for the reasons set forth above, the Court DENIES plaintiff's Motion to Remand [docket no. 16].

**IT IS SO ORDERED this 20th day of November, 2007.**

/s/ Vicki Miles-LaGrange
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE