**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

SEAN JOHNSON,                           )
                                        )
          Plaintiff,           )
                                        )
vs.                                     )   Case No. CIV-07-868-M
                                        )
GOVERNMENT EMPLOYEES                    )
INSURANCE COMPANY,                      )
                                        )
          Defendant.           )

## ORDER

Before the Court is defendant's Motion for Protective Order, Motion to Disqualify Plaintiff's Counsel, filed February 26, 2008. On March 4, 2008, plaintiff filed his response, and on March 6, 2008, defendant filed its reply. Additionally, on March 6, 2008, defendant filed a supplement to its motion for protective order and motion to disqualify. On March 10, 2008, plaintiff filed his response to defendant's supplement, and on March 11, 2008, defendant filed its reply.

Defendant moves this Court to enter a protective order regarding certain categories set forth in plaintiff's Rule 30(b)(6) Amended Notice to Take Depositions of defendant's representative(s). Defendant further moves this Court to disqualify Joseph T. Acquaviva, plaintiff's counsel, because of an alleged conflict of interest.

I.    Motion to Disqualify

At some point in 2003, Mr. Acquaviva and his law firm, Wilson, Cain, and Acquaviva, began to serve as alternate counsel for defendant in the State of Oklahoma. According to Mr. Acquaviva, the relationship with defendant was short lived and consisted of only seven cases. *See* Affidavit of Mr. Acquaviva at ¶ 10, attached as Exhibit 2 to plaintiff's response to defendant's motion for protective order. Further, according to defendant, both Mr. Acquaviva and his partner Mr. Tim Cain

stated to representatives of defendant that an uninsured motorist ("UM") insurer doing business in Oklahoma is not required to pay the so-called "undisputed amount."[1] *See* Affidavit of Diane Haney at ¶¶ 2, 4, attached as Exhibit 2 to defendant's motion for protective order, motion to disqualify; Affidavit of Clayton Lumsden at ¶ 2, 4, attached as Exhibit 3 to defendant's motion for protective order, motion to disqualify. In early 2006, defendant moved all but one of its files from Mr. Acquaviva's firm, and it does not appear that Mr. Acquaviva has handled any additional cases for defendant since that time.

Defendant moves to disqualify Mr. Acquaviva based upon his prior representation of defendant and based upon the alleged need for Mr. Acquaviva to testify as a witness in this case regarding defendant's affirmative defense of reliance upon advice of counsel, specifically the law firm of Wilson, Cain, and Acquaviva, in relation to plaintiff's "undisputed amount" claim.

> Motions to disqualify are governed by two sources of authority. First, attorneys are bound by the local rules of the court in which they appear. Federal district courts usually adopt the Rules of Professional Conduct of the states where they are situated. Second, because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, they are decided by applying standards developed under federal law. Therefore, motions to disqualify are governed by the ethical rules announced by the national profession and considered in light of the public interest and the litigants' rights.

*Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1383 (10th Cir. 1994) (internal quotations and citations omitted).

This Court has adopted the Oklahoma Rules of Professional Conduct. *See* LCvR 83.6(b). Rule 1.9 of the Oklahoma Rules of Professional Conduct provides:

---

[1] Whether defendant breached its duty of good faith and fair dealing by failing to pay plaintiff the "undisputed amount" is at issue in the instant case.

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which the person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.
>
> (b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client
>     (1)    whose interests are materially adverse to that person; and
>     (2)    about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter;
> unless the former client gives informed consent, confirmed in writing.
>
> (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
>     (1)    use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has been generally known; or
>     (2)    reveal information relating to the representation except as these Rules would permit or require with respect to a client.

Okla. Stat. tit. 5, Ch. 1, App. 3-A, Rule 1.9.  The Oklahoma Rules were patterned after the ABA Model Rules of Professional Conduct – the rules which the Tenth Circuit has held reflect the national standard to be used in ruling on disqualification motions, and Rule 1.9 does not differ from the ABA  Rule in any respect material to this case.

> A party seeking to disqualify opposing counsel on the ground of a former representation must establish that:
> (1) an actual attorney-client relationship existed between the moving party and the opposing counsel;
> (2) the present litigation involves a matter that is "substantially related" to the subject of the movant's prior representation; and
> (3) the interests of the opposing counsel's present client are materially adverse to the movant.

*Cole*, 43 F.3d at 1384.[2]  "A substantial relationship exists if the factual contexts of the two representations are similar or related.  The underlying question is whether the lawyer was so involved in the matter that the subsequent representation can be justly regarded as a changing of sides in the matter in question."  *Id.* (internal quotations and citation omitted).

Having carefully reviewed the parties' submissions, the Court finds that defendant has not shown that the instant action involves a matter that is substantially related to the subject of defendant's prior representation.  Specifically, defendant has not shown that the factual contexts of the instant action and Mr. Acquaviva's prior representations of defendant are similar or related.  Mr. Acquaviva, however, has provided the Court with fairly detailed information regarding his prior representations of defendant.  Upon review of this information, the Court finds that these prior representations are not the same or substantially related to the instant action – none of the prior cases involved an allegation of bad faith nor were any of the prior cases UM cases involving the issue of "undisputed amount."  Additionally, defendant has not shown that Mr. Acquaviva obtained any confidential information as a result of his prior representations of defendant that could be used in the instant action to the detriment of defendant.  Accordingly, the Court finds that Mr. Acquaviva should not be disqualified on the basis of his prior representation of defendant.

Defendant's recently asserted advice of counsel affirmative defense, however, may provide a basis to disqualify Mr. Acquaviva as <u>trial</u> counsel.  Under Oklahoma law, a lawyer is faced with a conflict of interest when he is required to serve both as trial counsel and as a necessary witness.  Okla. Stat. tit. 5, Ch.1, App. 3-A, Rule 3.7(a).  Rule 3.7(a) provides:

---

[2]It is not disputed that the first and third requirements are met in this case.

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> - (1) the testimony relates to an uncontested issue;
> - (2) the testimony relates to the nature and value of legal services rendered in the case; or
> - (3) disqualification of the lawyer would work substantial hardship on the client.

*Id.*

Having carefully reviewed the parties' submissions, the Court finds that there is certainly the potential in this case for Mr. Acquaviva to be a necessary witness in relation to defendant's advice of counsel affirmative defense, after all it is Mr. Acquaviva's advice, in part, upon which defendant states it relied. If it is ultimately necessary for Mr. Acquaviva to be a witness in this case, the Court finds that there clearly would be a conflict of interest and Mr. Acquaviva would be disqualified from acting as plaintiff's advocate at trial. However, because defendant has just recently asserted the advice of counsel affirmative defense and it is unclear at this early stage of the litigation whether this affirmative defense will survive and be presented at trial, and in light of the importance of a party being able to be represented by counsel of his choice, the Court declines, at this time, to disqualify Mr. Acquaviva as plaintiff's counsel but would strongly urge Mr. Acquaviva to associate himself with additional counsel in this case who could try this matter if he, in fact, was required to testify as a witness in this case.

## II. Motion for Protective Order

Defendant also moves this Court for a protective order preventing plaintiff from asking questions of defendant's corporate representative(s) regarding certain categories set forth in plaintiff's Rule 30(b)(6) deposition notice.[3]

Protective orders are governed by Federal Rule of Civil Procedure 26(c). That rule provides, in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> \*          \*          \*
>
> (A) forbidding the disclosure or discovery;
>
> \*          \*          \*
>
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; . . . .

Fed. R. Civ. P. 26(c)(1).

The party seeking a protective order must show "good cause" for its request. *Id.*; *Am. Benefit Life Ins. Co. v. Ille*, 87 F.R.D. 540, 543 (W.D. Okla. 1978). "'Good cause' within the meaning of

---

[3] In its motion for protective order and supplement to that motion, defendant references category nos. 37, 48, 57, 58, 59, and 60. Defendant, however, does not contend that these categories are irrelevant but simply references these categories in relation to its motion to disqualify because these categories address the issue of the "undisputed amount." Accordingly, having reviewed defendant's motion, the Court finds that defendant is not per se seeking a protective order regarding these categories, and the Court will not, therefore, address these categories.

Rule 26(c) contemplates a 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Am. Benefit*, 87 F.R.D. at 543 (quoting *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)).

Further, Federal Rule of Civil Procedure 26(b)(1) provides, in pertinent part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

    A.    <u>Category Nos. 21-24</u>

Plaintiff's deposition notice category nos. 21-24 provide:

> 21. Number of times Oklahoma insureds have been requested to participate in mediation before GEICO made a settlement offer to resolve the claim.
>
> 22. Number of times mediation has resulted in settlement at more than the authority given to the claim technician.
>
> 23. Number of times mediation has resulted in settlement at the dollar limit of the claim technician's authority.
>
> 24. Number of times mediation has resulted in settlement at a dollar amount less than the claim technician's authority.

Defendant asserts that the information sought through these categories is not tracked by defendant and is not relevant. Having carefully reviewed the parties' submissions, the Court finds that the information sought in category no. 21 is relevant and/or is reasonably calculated to lead to

7

the discovery of admissible evidence. The Court, therefore, finds that questions regarding category no. 21 should not be prevented.[4] However, the Court finds that the information sought in category nos. 22-24 is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. The Court, therefore, finds that questions regarding category nos. 22-24 should be prevented.

    B.    <u>Category No. 32</u>

Plaintiff's deposition notice category no. 32 provides:

> 32. Number of times GEICO has requested arbitration pursuant to the insurance policy provisions in order to resolve an Uninsured/Underinsured Motorist claim. (**Plaintiff agrees to limit the scope of this request to the time frame January 1, 2000 - June 20, 2007**)

Defendant asserts that arbitration is not an issue in this case and that this category, therefore, is irrelevant. Having carefully reviewed the parties' submissions, the Court finds that the information sought in category no. 32 is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the Court finds that questions regarding category no. 32 should be prevented.

    C.    <u>Category Nos. 25 and 35</u>

Plaintiff's deposition notice category nos. 25 and 35 provide:

> 25. Outside/retained counsel's check writing guidelines. (See, Horn-0019 - Horn-0033 "**The Claims Function**")
>
> 35. Reasons for providing outside counsel with check writing authority on first party claims. (See, Horn-0019 - Horn-0033 "**The Claims Function**")

---

[4] If defendant does not in fact track the information sought in category no. 21, defendant's corporate representative may so state at the deposition.

Defendant asserts that the information sought in these categories has no relevance to any of the issues or claims in this lawsuit. Having carefully reviewed the parties' submissions, the Court finds that the information sought in category nos. 25 and 35 is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the Court finds that questions regarding category nos. 25 and 35 should be prevented.

### D.    Time Frame

Finally, defendant objects to the "relevant time period" set forth in the notice of deposition. Plaintiff contends the relevant time period for the categories listed in plaintiff's Rule 30(b)(6) deposition notice should be January 1, 2000 – August 21, 2007. Defendant contends that the appropriate beginning date for the relevant time period should be May 10, 2002, the date the claims manual that is applicable in the present case went into effect. Plaintiff's accident occurred on October 9, 2004.

Having carefully reviewed the parties' submissions, the Court finds that the appropriate time period for the categories listed in plaintiff's Rule 30(b)(6) deposition notice should be May 10, 2002 – August 21, 2007.

### III.    Conclusion

For the reasons set forth above, the Court GRANTS IN PART AND DENIES IN PART defendant's Motion for Protective Order, Motion to Disqualify Plaintiff's Counsel [docket no. 46] as follows:

(A)    The Court DENIES, at this time, defendant's motion to disqualify plaintiff's counsel;

(B)    The Court DENIES defendant's motion for protective order as to category no. 21; and

(C) The Court GRANTS defendant's motion for protective order as to category nos. 22, 23, 24, 25, 32, and 35 and as to the relevant time period for the categories listed in plaintiff's Rule 30(b)(6) deposition notice. Said relevant time period shall be May 10, 2002 – August 21, 2007.

**IT IS SO ORDERED this 24th day of March, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE