IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SEAN JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-07-868-M |
| | ) | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is plaintiff's "Motion to Reconsider Courts' [sic] Granting of Leave to Assert Additional Affirmative Defense [Doc. 62] or in the Alternative Application to Strike the Affirmative Defense of Reliance upon Advice of Counsel," filed March 20, 2008.  On March 20, 2008, this Court entered an order granting defendant's Motion for Leave to Amend Its Answer to Add Additional Affirmative Defense.  In that order, the Court noted that plaintiff had filed no response to defendant's motion.

Plaintiff now moves this Court to reconsider its granting of leave to defendant to amend its answer.  Specifically, plaintiff asserts that he did not file a response because he relied upon Local Civil Rule 7.1(k) and this Court's failure to direct him to file a response.  Accordingly, plaintiff contends that he should not be penalized for failing to file a response and that this Court should withdraw or vacate its March 20, 2008 Order.

Local Civil Rule 7.1(k) provides, in pertinent part:

> (k)  **Motions Not Requiring Briefs.**  No brief is required by either movant or respondent unless otherwise directed by the Court, with respect to the following motions: . . . (2) to amend pleadings; . . . . Said motions not requiring briefs shall state whether opposing counsel agrees or objects to the request, shall include as a separate section under the heading "Relief Requested" a statement of the

> precise relief requested by the motion, and shall be accompanied by
> a proposed order setting forth the relief requested which shall not
> differ in any respect from the relief requested in the motion.

LCvR 7.1(k). As is apparent from a review of Local Civil Rule 7.1(k), this rule does not provide that a <u>response</u> is not required to a motion to amend pleadings unless directed by the Court but that a <u>brief</u> is not required. Local Civil Rule 7.1(k) simply provides that for certain types of motions, a legal brief setting forth a party's argument, generally with supporting authority, is not required unless otherwise directed by the Court.

The applicable local rule that relates to responses to motions is Local Civil Rule 7.1(g). Rule 7.1(g) provides:

> (g)   **Timing of Response Briefs.**  Each party opposing a motion <u>shall</u> file a response within 18 days after the date the motion was filed. Any motion that is not opposed within 18 days may, in the discretion of the Court, be deemed confessed. The Court may shorten or lengthen the time in which to respond.

LCvR 7.1(g) (emphasis added). Pursuant to the plain language of this rule, any party opposing a motion is required to file a response within 18 days after the date the motion was filed. Therefore, the Court finds that if plaintiff opposed defendant's motion to amend its answer, he was required to file a response. Because plaintiff did not file a response, the Court finds it was appropriate to note such a failure in its order and that it would have been appropriate to simply deem defendant's motion confessed. Accordingly, the Court finds no basis to withdraw or vacate its March 20, 2008 Order.

Finally, in the title of plaintiff's motion, he states that he is alternatively moving to strike the affirmative defense of reliance upon advice of counsel. Plaintiff, however, does not address nor provide any support for this alternative motion in the body of his pleading. Accordingly, the Court finds no basis to strike the affirmative defense of reliance upon advice of counsel.

For the reasons set forth above, the Court DENIES plaintiff's "Motion to Reconsider Courts' [sic] Granting of Leave to Assert Additional Affirmative Defense [Doc. 62] or in the Alternative Application to Strike the Affirmative Defense of Reliance upon Advice of Counsel" [docket no. 63].

**IT IS SO ORDERED this 26th day of March, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE