## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SEAN JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-07-868-M |
| | ) | |
| GOVERNMENT EMPLOYEES | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### <u>ORDER</u>

Before the Court is plaintiff's Motion to Compel, filed February 27, 2008.  On March 5, 2008, defendant filed its response.  On April 11, 2008, the Court ordered defendant to submit for *in camera* review the documents identified in its Amended Privilege Log to which it was claiming the attorney-client privilege and work product protection applied.  On April 18, 2008, defendant submitted the above-referenced documents.  Based upon the parties' submissions, the Court makes its determination.

There are four items listed on defendant's Amended Privilege Log: (1) entries in the post-suit claim activity log dated August 9, 2007, August 27, 2007, August 30, 2007, October 18, 2007, October 23, 2007, January 29, 2008, March 20, 2008, and April 10, 2008; (2) redacted time entries by paralegal Melissa Simon; (3) a March 5, 2007 letter from Gerard F. Pignato to James Finch; and

(4) a February 26, 2007 letter from James Finch to Gerard F. Pignato.[1]  Defendant asserts that the attorney-client privilege and work product protection apply to these documents.

"[T]he mere fact that an attorney was involved in a communication does not automatically render the communication subject to the attorney-client privilege.  In order to be covered by the attorney-client privilege, a communication between a lawyer and client must relate to legal advice or strategy sought by the client."  *United States v. Johnston*, 146 F.3d 785, 794 (10th Cir. 1998) (internal quotations and citations omitted).  Further, under the work product rule, any notes, working papers, memoranda or similar materials, prepared by an attorney in anticipation of litigation, are protected from discovery.  *See* Fed. R. Civ. P. 26(b)(3).  "To sustain a claim of work product protection, Defendant must demonstrate that the documents at issue were prepared in anticipation of litigation by or for Defendant or by or for Defendant's representative."  *Wikel v. Wal-Mart Stores, Inc.*, 197 F.R.D. 493, 495 (N.D. Okla. 2000).

Having carefully reviewed the documents submitted, the Court finds that neither the attorney-client privilege nor the work product doctrine applies to these documents, with the exception of the document Bates No. GEICO-0232.  Specifically, the Court finds that the entries in the post-suit claim activity log and the redacted time entries by a paralegal do not involve communications between defendant and its lawyer that relate to legal advice or strategy sought by defendant.  Further, none of these entries are notes, working papers, memoranda or similar materials,

---

[1]The Court would note that it appears the "explanation of the document" for item nos. 3 and 4 on defendant's Amended Privilege Log is incorrect.  The document which is Bates No. GEICO-0231 and is listed as item no. 3 is a letter from Gerard Pignato to James Finch, not a letter from James Finch to Gerard Pignato, and the document which is Bates No. GEICO-0232 and is listed as item no. 4 is a letter from James Finch to Gerard Pignato, not a letter from Gerard Pignato to James Finch.  To prevent any further confusion, the Court will refer to item nos. 3 and 4 by their Bates numbers.

prepared by an attorney in anticipation of litigation, and none of these entries relate to the merits of

the case at bar.  Further, the Court would note that a number of the redacted entries in the post-suit

claim activity log are simply annotations that mail has been received from defendant's attorney

and/or notes requesting a conference call be conducted.  Additionally, the Court finds that document

Bates No. GEICO-0231 is simply a letter from defendant's attorney to defendant's adjuster

acknowledging the receipt of the file, indicating what other attorney will be working on the file, and

stating that they would work through plaintiff's attorney to schedule the EUO of plaintiff.  This letter

clearly does not involve communications between defendant and its lawyer that relate to legal advice

or strategy sought by defendant which would invoke the attorney-client privilege and does not fall

within the work product doctrine.  Finally, the Court finds that document Bates No. GEICO-0232

is a communication between defendant and its lawyer that relates to legal advice and/or strategy

sought by defendant and is protected by the attorney-client privilege.

 Accordingly, the Court GRANTS IN PART and DENIES IN PART plaintiff's Motion to

Compel [docket no. 48] as follows:

 (1) The Court DENIES the motion to compel as to document Bates No. GEICO-0232,
 and

 (2) The Court GRANTS the motion to compel as to the entries in the post-suit claim
 activity log, the redacted time entries by paralegal Melissa Simon, and document
 Bates No. GEICO-0231.  Defendant shall produce the above-referenced documents
 within fifteen (15) days of the date of this Order.

 **IT IS SO ORDERED this 30th day of April, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE