### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SEAN JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-07-868-M |
| | ) |
| GOVERNMENT EMPLOYEES | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

### ORDER

Before the Court is defendant's Motion for Protective Order, Request for Immediate Hearing, filed May 12, 2008. On May 15, 2008, defendant filed a supplement to its motion, and on May 19, 2008, plaintiff filed his response. Based upon the parties' submissions, the Court makes its determination.

This case arises out of an automobile-pedestrian accident which occurred on October 9, 2004. Plaintiff, who was on a skateboard, was struck by an automobile that failed to stop at a stop sign. No one has been able to locate the driver of the automobile. At the time of the accident, plaintiff was covered by uninsured motorist coverage through policies issued by defendant. Plaintiff made an uninsured motorist claim with defendant, and that claim has not been settled.

On June 21, 2007, plaintiff filed the instant action in the District Court of Cleveland County, State of Oklahoma, alleging breach of contract and bad faith. On August 2, 2007, defendant removed this action to this Court.

Based upon certain conduct by defendant's counsel in this case, plaintiff is now seeking to raise the issue of litigation bad faith as part of his bad faith claim. In order to obtain discovery on the issue of litigation bad faith, plaintiff has sought to depose two upper level attorneys from

defendant's home office in Washington D.C. Defendant now moves this Court to enter an order prohibiting plaintiff from deposing these attorneys in connection with plaintiff's pursuit of a litigation bad faith claim and from pursing any further discovery regarding the issue of litigation bad faith.[1]

On the issue of litigation bad faith, the United States Court of Appeals for the Tenth Circuit has stated:

> Neither this Court nor the Oklahoma Supreme Court has directly addressed the general question of whether an insurer's litigation conduct may be admissible as evidence of bad faith. However, related holdings of the Oklahoma Supreme Court, as well as public policy concerns, indicate that such evidence should rarely, if ever, be allowed to serve as proof of bad faith.
>
> \*     \*     \*
>
> In general, an insurer's litigation tactics and strategy in defending a claim are not relevant to the insurer's decision to deny coverage. . . . [O]nce litigation has commenced, the actions taken in its defense are not . . . probative of whether [an insurer] in bad faith denied the contractual lawsuit.
>
> Allowing litigation conduct to serve as evidence of bad faith would undermine an insurer's right to contest questionable claims and to defend itself against such claims. . . . permitting allegations of litigation misconduct would have a chilling effect on insurers, which could unfairly penalize them by inhibiting their attorneys from zealously and effectively representing their clients within the bounds permitted by law. Insurers' counsel would be placed in an untenable position if legitimate litigation conduct could be used as evidence of bad faith. Where improper litigation conduct is at issue, generally the

---

[1] In its motion, defendant also asserts that the two upper level attorneys at issue are not the most knowledgeable corporate representatives on the issues to be addressed at their depositions and that a Rule 30(b)(6) deposition notice would be more appropriate. In his response, plaintiff states that he will agree to issue a Rule 30(b)(6) deposition notice for these issues. In light of plaintiff's agreement, the Court finds the issue of the propriety of deposing defendant's apex corporate employees is now moot.

> Federal Rules of Civil Procedure provide adequate means of redress, such as motions to strike, compel discovery, secure protective orders, or impose sanctions.
>
> In light of existing case law and the public policy concerns identified above, we hold that while evidence of an insurer's litigation conduct may, in some rare instances, be admissible on the issue of bad faith, such evidence will generally be inadmissible, as it lacks probative value and carries a high risk of prejudice.

*Timberlake Constr. Co. v. U.S. Fid. and Guar. Co.*, 71 F.3d 335, 340-41 (10th Cir. 1995) (internal quotations and citations omitted).

Based upon the reasoning in *Timberlake*, the Court finds that plaintiff is not entitled to conduct any discovery regarding defendant's counsel's litigation conduct in this matter[2] but that plaintiff is entitled to conduct discovery regarding defendant's post-suit conduct relating to the handling of plaintiff's claim.[3] Accordingly, the Court GRANTS defendant's Motion for Protective Order [docket no. 82] as follows: the Court, hereby, PROHIBITS plaintiff from conducting any discovery regarding defendant's counsel's litigation conduct in this matter.

**IT IS SO ORDERED this 2nd day of June, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[2]The Court would note that it has already sanctioned defendant's counsel in this matter and that any additional inappropriate conduct by any counsel in this case will be addressed in the same manner.

[3]While the Court is allowing discovery regarding defendant's post-suit conduct, the Court is specifically not making any ruling as to the admissibility of any evidence which plaintiff discovers.