## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SEAN JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. CIV-07-868-M |
| | ) |
| GOVERNMENT EMPLOYEES | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Before the Court is defendant's Motion for Protective Order, Request for Immediate Hearing, and Brief in Support, filed June 16, 2008. On June 23, 2008, plaintiff filed his response. Defendant moves this Court to enter a protective order regarding certain categories set forth in plaintiff's Fourth Notice to Take Deposition.

Protective orders are governed by Federal Rule of Civil Procedure 26(c). That rule provides, in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> \*         \*         \*
>
> (A) forbidding the disclosure or discovery;
>
> \*         \*         \*
>
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; . . . .

Fed. R. Civ. P. 26(c)(1).

The party seeking a protective order must show "good cause" for its request. *Id.*; *Am. Benefit Life Ins. Co. v. Ille*, 87 F.R.D. 540, 543 (W.D. Okla. 1978). "'Good cause' within the meaning of Rule 26(c) contemplates a 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Am. Benefit*, 87 F.R.D. at 543 (quoting *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)).

Further, Federal Rule of Civil Procedure 26(b)(1) provides, in pertinent part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

I.   Category Nos. 9 and 10

Plaintiff's deposition notice category nos. 9 and 10 provide:

> 9.   The scope of Claims Home Office's knowledge of the region's actions in *Heckathorn v. GEICO*.
>
> 10.  The review or re-evaluation, if any, by Claims Home Office of the region's practice of always refusing to pay "undisputed amounts" to its UM/UIM insureds in light of the "*Heckathorn*" decision.

Defendant asserts that category no. 9 is vague and ambiguous and that the information sought through category nos. 9 and 10 is irrelevant. Having carefully reviewed the parties' submissions, the Court finds that category no. 9, as written, is vague and ambiguous as to what "actions" plaintiff

is referring. The Court further finds the information sought in category nos. 9 and 10 is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. The *Heckathorn* case is simply one state district court case out of numerous district court cases, some ruling in favor of the insured and some ruling in favor of defendant, addressing the "undisputed amount" issue. Because of the fact dependent nature of the "undisputed amount" issue, the Court finds a district court's opinion and any "actions" defendant took in light of that opinion are simply irrelevant to the issues in the case at bar.

II.     Category No. 12

Plaintiff's deposition notice category no. 12 provides:

> 12.     The scope of Claims Home Office's knowledge of the region using "face to face" mediations and "settlement conferences" as a means to settle claims on a large scale basis on first party UM/UIM claims.

Defendant asserts that its use of mediations and settlement conferences to settle claims and lawsuits in Oklahoma is not an issue in this case and that this category, therefore, is irrelevant. Having carefully reviewed the parties' submissions, the Court finds that the information sought in category no. 12 is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. No "face to face" mediation or settlement conference was used in the instant case to settle plaintiff's claim. Accordingly, the Court finds that questions regarding category no. 12 should be prevented.

III.    Category No. 13

Plaintiff's deposition notice category no. 13 provides:

> 13. The scope of Claims Home Office's knowledge of the region using the offer of immediate payment as an incentive to settle first party UM/UIM claims.

Defendant asserts that its desire to immediately provide a check following a settlement agreement has never been an issue in this case and that this category, therefore, is irrelevant. Having carefully reviewed the parties' submissions, the Court finds that the information sought in category no. 13 is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. As set forth above, no mediation nor settlement conference was conducted in this case, and no settlement agreement was entered into between the parties. The Court, thus, finds whether defendant typically provides a check immediately following a settlement agreement has no relation to any of the issues in this action. Accordingly, the Court finds that questions regarding category no. 13 should be prevented.

IV.    Category No. 14

Plaintiff's deposition notice category no. 14 provides:

> 14. The scope of Claims Home Office's knowledge of the region's change in the manner in which the claims representative assigned by GEICO to fulfill the duty of good faith owed to Plaintiff has been altered since the law suit was filed.

Defendant asserts that the information sought in category no. 14 is not relevant to any of the claims or issues in this case. Having carefully reviewed the parties' submissions, the Court finds that the information sought in category no. 14 is not relevant nor reasonably calculated to lead to the

discovery of admissible evidence. Accordingly, the Court finds that questions regarding category no. 14 should be prevented.

V.     Conclusion

For the reasons set forth above, the Court GRANTS defendant's Motion for Protective Order, Request for Immediate Hearing [docket no. 136].

**IT IS SO ORDERED this 3rd day of July, 2008.**

_____
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE