**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SEAN JOHNSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>GOVERNMENT EMPLOYEES )<br>INSURANCE COMPANY, )<br>)<br>Defendant. ) | Case No. CIV-07-868-M |

## ORDER

This case is scheduled for trial on the Court's September 2008 trial docket.

Before the Court are defendant's Motion for Partial Summary Judgment, plaintiff's Motion for Partial Summary Judgment Regarding Defendant's Advice of Counsel of Wilson, Cain & Acquaviva Defense or, in the Alternative, Motion to Strike Said Affirmative Defense, and plaintiff's Motion for Partial Summary Judgment on the Issue of Bad Faith Related to Failure to Pay the Undisputed Medical Bills under the Uninsured Motorist Coverage. These motions have been fully briefed and are now ripe for determination.

I.   Introduction

This action arises out of defendant's handling and evaluation of plaintiff's uninsured motorist claim. On October 9, 2004, plaintiff was riding a skateboard when he was struck by an uninsured motor vehicle in the middle of an intersection. Plaintiff suffered a fractured clavicle in the accident and incurred $5,281.89 in medical bills as a result thereof. As of the date of this Order, plaintiff's uninsured motorist claim has not been resolved.

Defendant moves this Court for partial summary judgment in its favor with respect to the following bad faith claims brought by plaintiff: (1) defendant's failure to provide plaintiff with a

copy of defendant's written evaluation, (2) defendant's alleged suggestion that plaintiff split the cost of mediation, (3) defendant's failure to pay the so-called "undisputed amount," and (4) defendant's failure to pay plaintiff's undisputed medical bills.[1]  Plaintiff moves this Court for partial summary judgment in his favor with respect to his bad faith claim regarding defendant's failure to pay his undisputed medical bills and with respect to defendant's advice of counsel defense.

II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party."  *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts.  Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

---

[1] In his response, plaintiff withdraws his bad faith claims regarding defendant's alleged suggestion that plaintiff split the cost of mediation and defendant's failure to pay the so-called "undisputed amount."

III.  Discussion

    A.  Copy of written evaluation

"An insurer has an implied-in-law duty to act in good faith and deal fairly with the insured to ensure that the policy benefits are received." *Newport v. USAA*, 11 P.3d 190, 195 (Okla. 2000) (internal quotations and citation omitted). "The essence of a bad-faith action is the insurer's unreasonable, bad-faith conduct . . . ." *Id.* (internal quotations and citation omitted).

On June 14, 2007, plaintiff's counsel wrote to defendant's counsel and made the following settlement offer:

> In an effort to resolve his uninsured motorist claim, Mr. Johnson will accept $32,959.02 or the top dollar of GEICO's evaluation, whichever is less, provided that:
>
> 1)  you provide to me a copy of GEICO's written evaluation upon which the previous offers have been based, and
>
> 2)  payment is received in my office by no later than 4:00 p.m. on Wednesday, June 20, 2007.

June 14, 2007 letter, attached as Exhibit 3 to Defendant's Motion for Partial Summary Judgment. Defendant did not accept this settlement offer. In his Petition, plaintiff alleges that defendant's failure "to settle Plaintiff's uninsured motorist claim for the top dollar of Defendant's own evaluation or $32,959.02, whichever is less" is an act of bad faith. *See* Petition at ¶ 17(d).

Defendant asserts that its failure to provide plaintiff with a copy of its written evaluation does not constitute bad faith and that it, accordingly, is entitled to summary judgment as to plaintiff's bad faith claim regarding defendant's failure to provide plaintiff with a copy of defendant's written evaluation. Specifically, defendant contends that prior to a bad faith lawsuit

being filed, an uninsured motorist insurer is not required to disclose its written evaluation to its insured upon request.

Plaintiff, however, has not made a separate bad faith claim based solely on defendant's failure to provide him with a copy of defendant's written evaluation. As set forth above, plaintiff asserts that defendant's failure to accept the June 14, 2007 settlement offer is an act of bad faith. Accordingly, whether the underlying bases for defendant's failure to accept the settlement offer were unreasonable is the ultimate question with respect to this bad faith claim. While defendant may not have been legally required to disclose its written evaluation to plaintiff, if defendant failed to accept the settlement offer, in whole or in part, based upon its desire not to provide a copy of its written evaluation, that reason, as well as any other reason for defendant's failure to accept the settlement offer, should be considered by a jury in determining the reasonableness of defendant's action. Accordingly, the Court finds that it would be inappropriate to grant summary judgment as to the issue of whether it was bad faith for defendant not to provide a copy of its written evaluation, an issue which is only one part of plaintiff's bad faith claim based on defendant's failure to accept the June 14, 2007 settlement offer.

B.    Undisputed medical bills

In *Christian v. Am. Home Assurance Co.*, 577 P.2d 899, 904-05 (Okla. 1977), the Oklahoma Supreme Court held:

> that an insurer has an implied duty to deal fairly and act in good faith with its insured and that the violation of this duty gives rise to an action in tort for which consequential and, in a proper case, punitive, damages may be sought. We do not hold that an insurer who resists and litigates a claim made by its insured does so at its peril that if it loses the suit or suffers a judgment against it for a larger amount than it had offered in payment, it will be held to have breached its duty to act fairly and in good faith and thus be liable in tort.

> We recognize that there can be disagreements between insurer and insured on a variety of matters such as insurable interest, extent of coverage, cause of loss, amount of loss, or breach of policy conditions. Resort to a judicial forum is not per se bad faith or unfair dealing on the part of the insurer regardless of the outcome of the suit. Rather, tort liability may be imposed only where there is a clear showing that the insurer unreasonably, and in bad faith, withholds payment of the claim of its insured.

Further,

> [a]n insurer is entitled to have any dispute concerning the reasonableness of its actions settled by a jury. [I]f there is conflicting evidence from which different inferences may be drawn regarding the reasonableness of insurer's conduct, then what is reasonable is always a question to be determined by the trier of fact by a consideration of the circumstances in each case.

*Newport*, 11 P.3d at 195 (internal quotations and citation omitted).

Both plaintiff and defendant have moved for summary judgment as to plaintiff's bad faith claim regarding defendant's failure to pay plaintiff's undisputed medical bills. Having carefully reviewed the parties' submissions, the Court finds there is conflicting evidence from which different inferences may be drawn regarding the reasonableness of defendant's failure to pay plaintiff's undisputed medical bills. The Court further finds that even the timing of plaintiff's first request to defendant to pay his undisputed medical bills is disputed. Additionally, the Court finds all of the case law cited by the parties is distinguishable from the case at bar; in none of the cited cases has the insured actually made a request for the insurer to pay his undisputed medical bills. Finally, the Court finds the fact that there is no case law on this issue does not preclude liability on the part of defendant. While the Tenth Circuit held in *Davis v. Mid-Century Ins. Co.*, 311 F.3d 1250, 1252 (10th Cir. 2002), that "[f]or bad faith liability to attach, the law at the time of the alleged bad faith must be settled", the Tenth Circuit has clarified that "[t]he law that must be settled is the law governing

the meaning and effect of the insurance contract", i.e., coverage issues, not entitlement to be paid, *Hatfield v. Liberty Mut. Ins. Co.*, Nos. 03-6016, 03-6033, 2004 WL 1098932, at *5 (10th Cir. May 18, 2004).

The Court, accordingly, finds that summary judgment should not be granted to either plaintiff or defendant.

### C.     Advice of counsel defense

"[R]eliance on the advice of counsel can be a defense to a bad faith suit, [but] the reliance on counsel's advice must be reasonable." *Barnes v. Okla. Farm Bureau Mut. Ins. Co.*, 11 P.3d 162, 174 (Okla. 2000). "The advice of counsel is but one factor to be considered in deciding whether the carrier's reason for denying a claim was arguably reasonable." *Id.* (quoting *Szumigala v. Nationwide Mut. Ins. Co.*, 853 F.2d 274, 282 (5th Cir. 1988)). "The ultimate question is whether sufficient evidence was presented to show insurer's purported reliance on its attorney's advice was unreasonable." *Barnes*, 11 P.3d at 174.

Defendant has asserted the advice of counsel defense[2] to plaintiff's bad faith claim regarding defendant's failure to pay the so-called "undisputed amount."[3]  As set forth above, plaintiff has withdrawn this claim. Defendant, however, asserts that plaintiff is not entitled to summary judgment on its advice of counsel defense because this defense would apply equally to plaintiff's bad faith claim regarding defendant's failure to pay plaintiff's undisputed medical bills.

---

[2] Specifically, defendant's advice of counsel defense is based on advice given in 2004 by attorneys at the firm of Wilson, Cain & Acquaviva, plaintiff's counsel in the instant action.

[3] The traditional "undisputed amount" issue applies to the situation where an uninsured motorist insurer evaluates an uninsured motorist claim and makes a settlement offer; the insured rejects the insurer's offer, and the insured then demands the insurer to pay its evaluation and/or offer as an "undisputed amount."

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to defendant and viewing all reasonable inferences in defendant's favor, the Court finds defendant has not presented sufficient evidence to create a genuine issue of material fact as to the reasonableness of its purported reliance on the advice of counsel in relation to its failure to pay plaintiff's undisputed medical bills.  In its response, defendant states that it was the "traditional, broad 'undisputed amount' issue" that was addressed by counsel.  *See* Defendant's Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment Regarding Defendant's Advice of Counsel Defense at 3.  Defendant further states that the advice given by counsel was "in generic terms regarding the 'undisputed amount' issue." *Id.* at 10.  Finally, defendant states that plaintiff did not even demand that it pay plaintiff's undisputed medical bills until April 18, 2008.  While defendant's advice of counsel defense as it relates to defendant's failure to pay the "undisputed amount," as that term is traditionally used, would likely survive summary judgment, plaintiff has withdrawn that issue, and the Court finds that any reliance on the general, generic advice given by counsel in 2004 in relation to any decision by defendant in 2008 not to pay plaintiff's undisputed medical bills, a clearly different and more specific issue than the traditional "undisputed amount" issue, would simply not be reasonable.

Accordingly, the Court finds that plaintiff is entitled to summary judgment as to defendant's advice of counsel defense.

IV.   Conclusion

For the reasons set forth above, the Court:

(A)   DENIES defendant's Motion for Partial Summary Judgment [docket no. 115];

(B)   GRANTS plaintiff's Motion for Partial Summary Judgment Regarding Defendant's Advice of Counsel of Wilson, Cain & Acquaviva Defense [docket no. 128]; and

(C)   DENIES plaintiff's Motion for Partial Summary Judgment on the Issue of Bad Faith Related to Failure to Pay the Undisputed Medical Bills under the Uninsured Motorist Coverage [docket no. 154].

**IT IS SO ORDERED this 21st day of August, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE