**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SEAN JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-07-868-M |
| | ) | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the Court is defendant's Request that Plaintiff's Counsel, Mr. Bernstein, Be Subject to the Rule of Sequestration, filed September 4, 2008. Plaintiff has filed his response, and defendant has filed a reply.

Defendant has listed Mr. Bernstein, one of plaintiff's counsel, as a potential witness in this case. Specifically, in the instant request, defendant states that if plaintiff puts on evidence regarding defendant's closing of plaintiff's file, defendant will be required to call Mr. Bernstein as a witness to discuss the delays and lack of cooperation on the part of plaintiff and/or Mr. Bernstein prior to October 2005, which allegedly gave rise to Beau Woods' directive to close the file. Defendant now requests this Court to invoke the rule of sequestration at the beginning of trial and to subject Mr. Bernstein to that rule.

Plaintiff objects to defendant's request. Plaintiff contends that defendant is using this request as a sword to get plaintiff to drop a critical piece of evidence and that plaintiff would be unduly prejudiced if defendant's request were granted less than two business days before the start of trial.

Rule 615 of the Federal Rules of Evidence provides, in pertinent part: "At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other

witnesses, and it may make the order of its own motion." Fed. R. Evid. 615. "The rule requires not only that prospective witnesses be excluded from the courtroom, but also that they be prohibited from discussing the case with other witnesses." *United States v. Samuels*, 493 F.3d 1187, 1190 (10th Cir. 2007).

Having carefully reviewed the parties' submissions, the Court finds the purpose of the rule of sequestration would not be served by applying the rule to Mr. Bernstein. Unlike the typical witness to which the rule would apply, Mr. Bernstein is intimately familiar with all aspects of this case. Mr. Bernstein has reviewed every deposition taken in this case; he has participated in almost every deposition; he has briefed many of the issues in this case, and he has prepared the exhibit book. Further, the only witness' testimony which now would seem to impact the need for Mr. Bernstein being called as a witness, as set forth in defendant's request, is Mr. Beau Woods, a witness who will not be appearing live at trial and whose deposition testimony – testimony that Mr. Bernstein has already reviewed – will be played for the jury. Additionally, the Court finds that plaintiff will be unduly prejudiced if Mr. Bernstein is excluded from the courtroom.

Accordingly, the Court DENIES defendant's Request that Plaintiff's Counsel, Mr. Bernstein, Be Subject to the Rule of Sequestration [docket no. 338].[1]

**IT IS SO ORDERED this 5th day of September, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[1] The Court would direct defendant's counsel to advise the Court prior to calling Mr. Bernstein as a witness so that the Court may hear any argument from counsel on this issue outside the presence of the jury and prior to Mr. Bernstein being called.