**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SEAN JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-07-868-M |
| | ) | |
| GOVERNMENT EMPLOYEES | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

Before the Court is defendant's *Daubert* Motion or, in the Alternative, Motion *In Limine* No.

21, and Brief in Support Thereof, filed August 4, 2008.  On August 22, 2008, plaintiff filed his

response, and on August 28, 2008, defendant filed its reply.  Based upon the parties' submissions,

the Court makes its determination.

Federal Rule of Evidence 702 governs the admissibility of scientific or technical expert

testimony.  It provides:

> If scientific, technical, or other specialized knowledge will assist the
> trier of fact to understand the evidence or to determine a fact in issue,
> a witness qualified as an expert by knowledge, skill, experience,
> training, or education, may testify thereto in the form of an opinion
> or otherwise, if (1) the testimony is based upon sufficient facts or
> data, (2) the testimony is the product of reliable principles and
> methods, and (3) the witness has applied the principles and methods
> reliably to the facts of the case.

Fed. R. Evid. 702.

In *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), the Supreme Court held that

Rule 702 requires the trial court to "ensure that any and all scientific testimony or evidence admitted

is not only relevant, but reliable." 509 U.S. at 589.  In *Kumho Tire Co. v. Carmichael*, 526 U.S. 137,

141 (1999), the Supreme Court concluded that "*Daubert*'s general holding – setting forth the trial

judge's general 'gatekeeping' obligation – applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." 526 U.S. at 141. With respect to the all-important reliability determination, the Supreme Court further concluded that "a trial court *may* consider one or more of the more specific factors that *Daubert* mentioned when doing so will help determine that testimony's reliability. But, as the Court stated in *Daubert*, the test of reliability is 'flexible,' and *Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts or in every case." *Id.* (emphasis in original).

Several factors may be considered by the trial court in assessing the reliability of proposed expert testimony. The "*Daubert* factors" that *may* be considered are: (1) whether the theory or technique employed by the expert in formulating his expert opinion can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) whether, with respect to a particular technique, there is a high known or potential rate of error; (4) whether standards control operation of the technique; and (5) whether the theory or technique is generally accepted within the relevant professional community. *Id.* at 149-50 (quoting *Daubert*, 509 U.S. at 592-94). In *Kumho Tire*, the Court recognized that in some cases "the relevant reliability concerns may focus upon personal knowledge or experience," rather than scientific foundations. *Id.* at 150. In such cases, the trial court may focus on alternative factors that are better-suited to the specific type of expertise at issue. *Id.* at 150-52. "The objective of [the gatekeeping] requirement is to ensure the reliability and relevancy of expert testimony. It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.*

at 152.  "[T]he trial judge [has] considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable."  *Id.*

Further, when expert testimony is challenged under *Daubert*, the burden of proof regarding admissibility rests with the party seeking to present the testimony.  *Truck Ins. Exch. v. Magnetek, Inc.*, 360 F.3d 1206, 1210 (10th Cir. 2004).  "The plaintiff need not prove that the expert is undisputably correct or that the expert's theory is 'generally accepted' in the scientific community.  Instead, the plaintiff must show that the method employed by the expert in reaching the conclusion is scientifically sound and that the opinion is based on facts which sufficiently satisfy Rule 702's reliability requirements."  *Id.* (quoting *Mitchell v. Gencorp Inc.*, 165 F.3d 778, 781 (10th Cir. 1999)).  Finally, for an expert to be qualified, the party offering the expert must show that the expert possesses "such skill, experience or knowledge in that particular field as to make it appear that his opinion would rest on substantial foundation and would tend to aid the trier of fact in his search for truth."  *Lifewise Master Funding v. Telebank*, 374 F.3d 917, 928 (10th Cir. 2004) (internal quotations and citations omitted).  Additionally, when an attorney is called as an expert, the Court must guard against allowing that expert to articulate and apply the relevant law and, thereby, circumvent the jury's decision making  function by telling it how to decide the case.  *Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988).

Defendant has moved the Court to exclude the testimony to be given by Jack Dawson ("Dawson"), plaintiff's insurance expert.  Specifically, defendant contends that (1) Dawson is not qualified to testify as an expert in this case; (2) Dawson's proposed testimony is not relevant; (3) Dawson's proposed testimony does not meet the admissibility requirements of *Daubert*; and (4) Dawson's testimony should be excluded pursuant to Federal Rule of Evidence 403.

Having carefully reviewed the parties' submissions, the Court finds that Dawson is qualified to testify as an expert in this case. Dawson has practiced law in this area since 1972 and has litigated bad faith cases. While defendant points out a number of shortcomings in Dawson's qualifications, the Court finds that these alleged shortcomings do not render him unqualified to testify as an expert in this case but go to the weight to be accorded to his testimony and may be inquired into on cross examination.

Additionally, the Court finds there is sufficient indicia of reliability to permit Dawson's testimony. In reaching his conclusions, Dawson is drawing from both his understanding of the law and his experience with respect to how claims should be handled by an insurance company. Dawson is not simply making a bald assertion without explanation or support. Further, the Court finds that Dawson had sufficient data to analyze in reaching his conclusions. The Court, thus, finds that the methodology and reasoning employed by Dawson are valid.[1]

The Court, however, finds that Dawson's testimony should be limited. Specifically, the Court finds Dawson should be excluded from testifying regarding the ultimate issue in this case – defendant's bad faith/good faith. *See Thompson v. State Farm Fire and Cas. Co.*, 34 F.3d 932, 941 (10th Cir. 1994) (upholding district court's ruling excluding expert testimony on issue of bad faith because such testimony would not assist trier of fact since jury is capable of assessing for itself whether insurer has violated duty of good faith and fair dealing). Additionally, the Court finds Dawson should not be permitted to testify as to "legal conclusions." Specifically, the Court finds

---

[1]Any criticisms defendant has in relation to Dawson's methodology and reasoning may properly be explored on cross examination.

that Dawson should not define the law to be applied to determine liability in this case nor should Dawson instruct the jury regarding the law.

Finally, the Court finds that Dawson's testimony should not be excluded pursuant to Rule 403.  In light of the limitations imposed on Dawson's testimony set forth above, the Court finds that Dawson's testimony will not unfairly prejudice defendant, confuse the issues in this case, or mislead the jury.

Accordingly, the Court GRANTS IN PART and DENIES IN PART defendant's *Daubert* Motion or, in the Alternative, Motion *In Limine* No. 21 [docket no. 230] as set forth above.

**IT IS SO ORDERED this 8th day of September, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE